**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY R. BARNES,**

       **Petitioner,**

   v.            CASE NO. 22-3138-SAC

**CHANDLER CHEEKS,**

       **Respondent.**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) regarding the timeliness of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. As explained below, the Court will dismiss this action as time-barred.

**Background**

Petitioner was convicted in Sedgwick County District Court of first-degree premeditated murder and aggravated assault and was sentenced to life without the possibility of parole for 25 years for the murder and a consecutive sentence of 14 months for the aggravated assault. *State v. Barnes*, 293 Kan. 240, 241 (Kan. 2011) (*Barnes I*). On September 23, 2011, the Kansas Supreme Court (KSC) affirmed his convictions and sentences. *Id.* at 265-66. Proceeding pro se, Petitioner then filed a state habeas action under K.S.A. 60-1507. The state district court summarily denied relief, but the Kansas Court of Appeals (KCOA) reversed in part and remanded for an

1

evidentiary hearing on one of Petitioner's claims. *Barnes v. State*, 2014 WL 7653859 (Kan. Ct. App. Dec. 24, 2014) (unpublished opinion) (*Barnes II*), *rev. denied* June 29, 2015. After the hearing, the district court denied relief and, on appeal, the KCOA affirmed. *Barnes v. State*, 2016 WL 6393386 (Kan. Ct. App. Oct. 28, 2016) (unpublished opinion) (*Barnes III*), *rev. denied* Aug. 29, 2017.

On May 31, 2018, Petitioner filed with this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. *See Barnes v. State of Kansas*, Case No. 18-cv-3134-SAC (*Barnes IV*). The Court directed Petitioner to show cause why the matter should not be dismissed as untimely since it appeared that the one-year federal habeas limitation period expired in November 2017. In response, Petitioner asserted that in October 2017, he mailed paperwork to the courts in an attempt to begin a § 2254 action. After two inquiries about whether his paperwork had been received, Petitioner received in March 2018, a response stating that he had submitted the wrong paperwork and providing the correct paperwork.

After obtaining additional documents from Petitioner, this Court issued an order on March 6, 2020, noting that equitable tolling of the federal habeas statute of limitations may be available "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(citation omitted). *Barnes IV*, 18-cv-3134-SAC, Doc. 9. Thus, the Court held that Petitioner "arguably is entitled to equitable tolling, and the Court assumes so for the limited purpose of screening the petition." *Id.* The order further noted, however, that the petition contained both

exhausted and unexhausted claims, making it a mixed petition. *Id.* at 4-6. The Court therefore directed Petitioner to advise the Court whether he wished to dismiss the unexhausted claims and proceed only on the exhausted claims. Petitioner was advised that "[i]f he declines, the Court will dismiss this matter as a mixed petition." *Id.* at 7.

Two weeks later, Petitioner filed in the state court a second motion for relief under K.S.A. 60-1507. *See Barnes v. State*, 2021 WL 5505501, *2 (Kan. Ct. App. Nov. 24, 2021) (unpublished opinion) (*Barnes V*). But he did not advise this Court whether he wished to dismiss the unexhausted claims in his federal habeas matter, so on April 21, 2021, this Court dismissed the federal habeas matter. *Barnes IV*, Doc. 14. The state district court ultimately dismissed Petitioner's 60-1507 motion as untimely and successive. *Barnes V*, 2021 WL 5505501, at *2. Petitioner appealed the dismissal of the state-court action and, on November 24, 2021, the KCOA affirmed the dismissal on both grounds. *Barnes V*, 2021 WL 5505501, at *3-4.

Petitioner filed the petition currently before the Court on July 1, 2022. (Doc. 1.) Because Petitioner is proceeding pro se, the Court liberally construes his filings, but it may not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Petitioner again challenges his convictions of first-degree premeditated murder and aggravated assault. After reviewing the petition, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed as untimely. (Doc. 3.)

The NOSC advised Petitioner that this action is subject to the

one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). It set forth the applicable law and explained:

> In this matter, the KSC issued its opinion in Petitioner's direct appeal on September 23, 2011. Although Petitioner alleges that he filed a petition for certiorari in the United States Supreme Court (Doc. 1, p. 3), the Court can locate no record of that event and Petitioner does not include citation to or the date of the result on his petition for certiorari. If Petitioner has that information, he should provide it to the Court in his response to this order. Otherwise, the Court will proceed analyzing the timeliness of this matter as through Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Under that presumption, Petitioner's convictions became final the day after the expiration of the time to file a petition for certiorari: December 23, 2011. At that time, the one-year federal habeas limitation period began to run.
>
> . . . [T]he one-year federal habeas limitation period was tolled, or paused, when Petitioner filed his 60-1507 motion on October 5, 2012. At that point, approximately 287 days of the year had expired, leaving approximately 78 days remaining.
>
> The proceedings on the 60-1507 motion concluded when the KSC denied review on August 29, 2017, and the one-year federal habeas limitation period resumed the next day. It expired approximately 78 days later, on or around November 24, 2017. Yet Petitioner did not file this federal habeas petition until July 1, 2022.

(Doc. 3, p. 5-6.)

The Court acknowledged the statement made in the timeliness section of the petition, but advised Petitioner that his argument was unclear and unpersuasive. *Id.* at 6. The NOSC then explained that under certain circumstances, the one-year limitation period is subject to equitable tolling and, in other circumstances, actual

4

innocence can create an exception to the one-year time limitation. *Id.* at 7-8. Thus, the NOSC concluded:

> As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or he can establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

*Id.* at 8.

The NOSC advised Petitioner that he was granted until and including August 8, 2022, in which to file his response. *Id.* at 8-9. On August 5, 2022, Petitioner filed 121 pages of documents in this matter (Docs. 4, 4-1), which the Court has reviewed.

## Analysis

Petitioner's submission begins with a letter to the undersigned that, even liberally construed, does not address timeliness. (Doc. 4, p. 1.) Rather, it advises the Court that in the 2018 federal habeas matter, the Court informed Petitioner he must exhaust all state-court remedies and "at this time," Petitioner would like to pursue his case. *Id.* Petitioner asks the Court "to look over the paperwork," which he alleges shows that he did not know the victim and that he was not sane at the time he committed the crime. *Id.* He asserts, "If my Attorney had this [paperwork] the

5

trial would have come out different and therefor[e] the court prejudice me." *Id.*

Along with the letter, Petitioner filed 120 pages of other documents, most of which have no bearing on the timeliness of this matter, even when they are liberally construed.[1] Three of the documents merit specific attention at this time. First, Petitioner's filing includes an incomplete form petition for relief under 28 U.S.C. § 2254. (Doc. 4-1, p. 17-27.) The purpose of including these pages is unclear; thus, Court has treated it as an exhibit. If Petitioner intended for this document to serve another purpose, such as to initiate a separate habeas action, he must refile it and ensure that it is complete.

Second, Petitioner has submitted a document that, liberally construed, demonstrated that paperwork he submitted to prison officials for filing in March or April 2020 could have been lost due to a riot that occurred in Lansing Correctional Facility. (Doc. 4-1, p. 1.) Once again, the relevance of this document is unclear. The limitation period for timely filing a federal habeas petition expired in 2017, so whether paperwork was lost in 2020 is irrelevant

---

[1] The attached documents are: a document concerning a riot at Lansing Correctional Facility in 2020,(Doc. 4-1, p. 1); copies of pages discussing medication use and drug interactions, *id.* at 2-12; caselaw on the defense of involuntary intoxication, *id.* at 13-15; a September 17, 2020 letter from this Court regarding the return of documents that Petitioner mailed here but which appeared to be intended for the Kansas state appellate courts, *id.* at 16; part of a form petition for relief under 28 U.S.C. § 2254, *id.* at 17-27; portions of notices of electronic filing (NEF) and docket sheets from Petitioner's 2018 case in this Court, *id.* at 28-41, 43-55, 69-91, 93-98; two copies of a May 27, 2020 letter from the Sedgwick County district court regarding a filing in a state-court case, *id.* at 42, 92; a copy of the March 6, 2020 order entered in his previous federal habeas matter, *id.* at 56-63; an undated motion for relief under 28 U.S.C. § 2254 with Petitioner's 2012 state-court case number on it, *id.* at 64-68; the 2014 KCOA opinion in Petitioner's 60-1507 proceeding, *id.* at 99-106; and a copy of a note from a law journal article on "the extension of the actual innocence exception to the sentencing phase of non-capital cases," *id.* at 107-20.

unless Petitioner first shows that the timeline was extended to 2020.

Third, Petitioner has submitted a copy of the Court's March 6, 2020 order in his previous federal habeas case. (Doc. 4-1, p. 56-63.) As with his other documents, Petitioner does not explain the significance of this order. That failure would be enough for the Court to conclude that Petitioner has failed to show that this matter should not be dismissed as time-barred. As noted above, Petitioner's pro se status means that the Court liberally construes his filings, but the Court may not act as Petitioner's advocate. *See James*, 724 F.3d at 1315.

In an abundance of caution, however, the Court will note that to the extent that Petitioner intended to argue that he is entitled to equitable tolling, such argument is unpersuasive. When the KSC denied review in Petitioner's first 60-1507 proceeding and the federal habeas limitation period resumed, there were approximately 78 days remaining. Assuming solely for the sake of argument that Petitioner filed a § 2254 petition on October 1, 2017 in the wrong court and thus equitably tolled the federal habeas limitation period, another 31 days had expired by that point, leaving approximately 47 days remaining. Even assuming--again, solely for the sake of argument--that the federal habeas limitation period remained equitably tolled[2] until the conclusion of Petitioner's

---

[2] The federal habeas limitation period would not have been statutorily tolled at this time because that 60-1507 motion was ultimately found to be untimely and successive. *See Pace v. DiGuglielmo*, 54 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

7

second 60-1507 proceeding, that matter was final on November 24, 2021. The federal habeas limitation period then resumed and it expired on approximately January 4, 2022. But Petitioner did not file the present § 2254 petition until July 1, 2022.

Even liberally construing Petitioner's response, he has not shown that this matter was timely filed, nor has he shown that he is entitled to equitable tolling of the one-year federal habeas limitation period. Moreover, the actual innocence exception does not apply here because Petitioner concedes that he committed the crime of conviction. *See* Doc. 4; *see also O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) ("Actual innocence means 'factual innocence not mere legal insufficiency.' *Bousley v. United States*, 523 U.S. 614, 623 (1998).").

## Conclusion

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2244(d) and that Petitioner has not shown the type of circumstances that justify equitable tolling of the statute of limitations or the application of the actual innocence exception to the statute of limitations. The Court will therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

> the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 10th day of August, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge